IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ALVIN MARCELL POLLARD, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-035 |
| | ) | |
| TOM GRAMIAK, Warden, Dooly | ) | |
| State Prison, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254, and seeks permission to proceed *in forma pauperis*. This case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his original and amended § 2254 petitions be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I. BACKGROUND

Petitioner filed the original petition in this action on February 6, 2014, challenging his November 13, 2012 conviction in the Superior Court of Richmond County. (Doc. no. 1.) On February 21, 2014, Petitioner submitted a second petition (doc. no. 4) and a second case was opened. (See doc. no. 3, p. 2.) Upon review of the second petition, the Court determined it was an amendment to the original petition in this action, as it raised similar challenges to the same November 13, 2012 conviction. (Id.) Therefore, on March 6, 2014 the Court directed the Clerk to file the second petition as an amended petition in this action, and to close the second case. Nonetheless, due to various discrepancies between the original and amended petition, the Court ordered Petitioner to file a second amended petition on or before March 20, 2014, and provided instructions for doing so. (Id. at 4.) Because the time to respond has passed and Petitioner has not filed a second amended petition as ordered, the Court will screen this case based on the present filings.

According to Petitioner, he pled guilty in the Superior Court of Richmond County to criminal attempt to commit aggravated child molestation, and was sentenced to two years of incarceration and eighteen years of probation. (Doc. no. 4, p. 2-3.) Petitioner did not appeal his conviction. (Id. at 3.) On May 5, 2013, Petitioner filed a state habeas corpus action in the Superior Court of Dooly County, alleging he received ineffective assistance of counsel. (Id.) Petitioner's state habeas petition was denied in either August or September 2013, and although he checked the box on his amended § 2254 form indicating he had appealed the denial to the highest state court, a review of the state court dockets shows that he never applied to the Georgia Supreme Court for a certificate of probable cause to appeal. (See id. at 4.)

In the original § 2254 petition, Petitioner claimed his attorney's performance was deficient for failing to challenge the legality of his sentence and the accuracy of the charging document. (Doc. no. 1, p. 6.) Petitioner also argued he was not apprised of his right not to incriminate himself, and that he was falsely imprisoned because he had not received jail credit. (Id.) As noted in the Court's prior Order (doc. no. 3, p. 2), Petitioner has notified the Court via a filing in a separate case that his jail credit issue has been resolved. See Pollard v. Roundtree, et al., CV 114-024, doc. no. 5 (S.D. Ga. Feb. 21, 2014).

In the amended § 2254 petition, Petitioner challenges the legality of his sentence and accuracy of the charging document as stand-alone claims, and argues his counsel was deficient for failing to object to them. (Doc. no. 4, p. 6.) Petitioner adds a new claim challenging his placement on the sex-offender registry, but omits his previously raised jail credit claim. Petitioner also attaches what appears to be a copy of a motion filed in state court delineating claims he wishes to raise on direct appeal. (Doc. no. 4, pp. 11-20.) A review of the docket in the Superior Court of Richmond County reveals that Petitioner has indeed filed a motion to vacate his sentence and to request an out of time appeal, which is still pending. See http://www.augustaga.gov/421/Case-Management-Search (click "Yes I Agree," then select "Criminal Search" and search case number "2012RCCR00283") (last visited May 15, 2014).

## II. DISCUSSION

### A. The Petitions Should Be Dismissed Because Petitioner Failed to Exhaust State Remedies.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

4

Id. at 845. This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[2]  Id.  In Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*).  "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

Here, Petitioner indicated in his original petition that he did not file a direct appeal or apply for a certificate of probable cause to appeal from the Georgia Supreme Court following the denial of his state habeas petition.  (Doc. no. 1, p. 4.)  Although Petitioner checked boxes in his amended petition indicating he appealed denial of two state habeas petitions, the Georgia Supreme Court docket shows that Petitioner never applied for a certificate of probable cause to appeal.  See http://www.gasupreme.us/docket_search/ (last visited May 15, 2014).

Petitioner states his appeal was denied because "the paper work didn't get there,"

---

[2] In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

5

and "they didn't have the transcript." (Doc. no. 4, p. 4.) A review of the docket in the trial court, the Superior Court of Richmond County, reveals that Petitioner has filed several motions requesting transcripts and court records for his direct appeal, at least one of which was denied. See http://www.augustaga.gov/421/Case-Management-Search. Petitioner's statement that he attempted to appeal thus obviously refers to his direct appeal and related motions in Richmond County, not his state habeas petition in Dooly County. As such, Petitioner has failed to exhaust because he did not pursue discretionary review with the highest court of the state by submitting an application for a certificate of probable cause to appeal to the Georgia Supreme Court. See Pope, 358 F.3d at 853; O'Sullivan, 526 U.S. at 845.

Furthermore, as stated above, Petitioner has filed a motion in the Superior Court of Richmond County challenging his sentence and seeking an out of time appeal (doc. no. 4, pp. 9-10), and this motion remains pending before the state court as of the time of this review. See http://www.augustaga.gov/421/Case-Management-Search. Thus, Petitioner has not exhausted by giving the state court "an opportunity to act on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added). In sum, because Petitioner did not apply for discretionary review of the denial of his state habeas petition with the Georgia Supreme Court, and has a pending motion in state court challenging his conviction, this action should be dismissed without prejudice for failure to exhaust.

**B. The Petitions Should Also Be Dismissed Because Petitioner Failed to Comply with the Court's Order to File an Amended § 2254 Petition.**

In its Order issued March 6, 2014, the Court noted discrepancies between

Petitioner's original and amended § 2254 petitions, and therefore ordered him to file a second amended petition to clarify his claims and his efforts to exhaust them in state court. (Doc. no. 3, p. 4.) The Court stressed the importance of Petitioner's compliance, stating "**Petitioner MUST FILE an amended petition for habeas corpus relief within fourteen (14) days of this Order**." (Id. (emphasis in original).) Nevertheless, Petitioner has not submitted a second amended petition. Thus, even if Petitioner had exhausted state remedies, which he has not, his case is still subject to dismissal for failure to comply with the Court's Order. See Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court"); Heard v. Nix, 170 F. App'x 618, 619 (11th Cir. 2006) (*per curiam*) (affirming dismissal under Rule 41.3 and Federal Rule of civil Procedure 41(b) for failure to comply with district court's order).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed IFP be **DENIED AS MOOT** (doc. no. 2), his original and amended § 2254 petitions be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED