IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALVIN MARCELL POLLARD, SR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 114-035 |
| | ) |
| TOM GRAMIAK, Warden, Dooly State Prison, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DENIES AS MOOT** Petitioner's motion to proceed *in forma pauperis* (doc. no. 2), and **DISMISSES** without prejudice his original and amended petitions brought pursuant to 28 U.S.C. § 2254.

A prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to

make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 10th day of June, 2014, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2